# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HENRY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 16 C 5780 |
| v. | ) |
| | ) Judge John Z. Lee |
| C/O BAILEY, SGT. THOMAS, | ) |
| C/O THOMPSON, C/O HEWELL, | ) |
| C/O LEWIS, and C/O JOHN DOES 1–6, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Johnson ("Johnson") has filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against Correctional Officers Bailey, Thompson, Hewell, and Lewis, as well as a Sergeant Thomas and six John Doe Defendants. Johnson alleges that, during his incarceration at the Stateville Northern Reception and Classification Center ("Stateville NRC"), he was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment, in addition to strip searches in violation of the Fourth Amendment. Sergeant Thomas ("Thomas") has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons that follow, Thomas's motion is denied.

## Factual Background[1]

Johnson was incarcerated at Stateville NRC for a period of eight days in January 2015. *See* Am. Compl. at 6–8. He alleges that, upon his arrival at Stateville NRC, he informed Thomas that he needed bed sheets. *Id.* at 7. Thomas denied this request and told Johnson that he needed

---

[1] The following facts are taken from Johnson's Amended Complaint and are accepted as true for purposes of Thomas's motion to dismiss. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

to be placed on a waiting list in order to receive sheets. *Id.* at 7–8. As a result, Johnson went without bed sheets for the duration of his stay at Stateville NRC. *Id.* at 8.

In addition, Johnson claims that Thomas denied him an "indigent hygiene kit," which would have contained soap, toothpaste, and deodorant. *Id.* Johnson similarly alleges that Thomas denied him cleaning supplies "numerous times," even though Johnson told Thomas that his cell was filthy. *Id.* In describing Johnson's cell, the amended complaint specifies that the toilets in the cell were unsanitary and that mice ran through the cell "all day and night." *Id.* at 10. The cell also had thick dust spread across the floor, a clogged vent that blew out dirt, and a "sour odor smell." *Id.* at 7. Due to these unsanitary conditions, Johnson developed a rash. *Id.* at 10.

With regard to the other Defendants named in this case, Johnson alleges that he was subjected to invasive strip searches upon both his arrival at and departure from Stateville NRC. *Id.* at 6, 8. He also alleges that unidentified officers forced him to shower without shower shoes in unsanitary, flooded showers. *Id.* at 8. Finally, he claims that he was fed raw chicken, given only 500 calories to eat per day, and denied needed medical attention. *Id.* at 7.

## **Legal Standard**

A motion brought under Rule 12(b)(6) challenges the sufficiency of the complaint. *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (internal quotation marks omitted); *see* Fed. R. Civ. P. 8(a)(2). "In determining a complaint's sufficiency, [a court will] construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmovant's] favor." *Zahn*, 815 F.3d at 1087 (internal quotation marks omitted).

A complaint, however, must still contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Furthermore, a court need not "accept as true any legal assertions or recitals of the elements of a cause of action supported by mere conclusory statements." *Zahn*, 815 F.3d at 1087. That said, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" and "is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

## Analysis

In moving to dismiss the claims against him, Thomas argues that Johnson's Amended Complaint fails to allege facts showing that Thomas acted with deliberate indifference to conditions of confinement that posed an excessive risk to Johnson's health or safety. In addition, he argues that Johnson's claims against him are insufficient because Johnson has not alleged injury or damages. For the reasons that follow, the Court rejects these arguments.[2]

---

[2] In reviewing Thomas's motion, Court is mindful of the Seventh Circuit's admonitions that "[u]nrelated claims against different defendants belong in different suits" and that "district courts should not allow inmates to flout the rules for joining claims and defendants" under Rules 18 and 20. *Owens v. Godinez*, 860 F.3d 434, 436 (2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Bearing this in mind, the Court declines to *sua sponte* dismiss the claim against Thomas for misjoinder. Although the claim against Thomas, in some regards, is distinct from the Fourth Amendment claim brought against the other Defendants and the conditions of confinement claims against the John Doe Defendants, all of the claims in Johnson's Amended Complaint arise out of his eight-day incarceration at Stateville NRC. As such, they appear to have arisen from a common series of occurrences, discretely confined within those eight days, and to involve at least some common questions of fact. *See* Fed. R. Civ. P. 20(a)(2); *Vermillion v. Levenhagen*, 604 F. App'x 508, 512 (7th Cir. 2015); *see also Strominger v. Brock*, 592 F. App'x 508, 512 (7th Cir. 2014) ("District courts are accorded substantial discretion in matters of joinder.").

## I. Deliberate Indifference to an Excessive Risk

To state an Eighth Amendment claim against a prison official based on allegedly unconstitutional conditions of confinement, an inmate must allege that: (1) he was housed under conditions that were "sufficiently serious so that [the] prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities"; and (2) the prison official was deliberately indifferent to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted). Courts refer to the two prongs of this test as the "objective component" and the "subjective component," respectively. *See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

When assessing the objective severity of conditions of confinement, the Court must consider the conditions' nature, their duration, and any risks of harm they caused. *See Thomas v. Illinois*, 697 F.3d 612, 614–15 (7th Cir. 2012). Even if an individual condition of confinement is not serious enough to violate the Constitution, conditions may cumulatively do so "when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013) (quoting *Wilson*, 501 U.S. at 304). Such "identifiable human needs" include adequate sanitation, personal hygiene items, and clean bedding. *See, e.g.*, *id.* at 842; *Townsend*, 522 F.3d at 774.

In turn, to satisfy the subjective component of a conditions of confinement claim, an inmate must allege that prison officials was "subjectively aware of the condition[s] . . . complained of, but consciously disregard[ed] [them]." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *accord Farmer*, 511 U.S. at 834. An inmate adequately alleges deliberate indifference where he pleads facts indicating that prison officials responded inadequately or ineffectively to substandard conditions that they knew to exist. *See Townsend*, 522 F.3d at 773.

Here, Johnson's allegations are sufficient to state an Eighth Amendment deliberate indifference claim against Thomas based on the conditions of his confinement. First, Johnson's allegations satisfy the objective prong of his claim, because he alleges that Thomas denied him bedding, a hygiene kit, and cleaning supplies to clean his unsanitary cell. *See* Am. Compl. at 6–7. He further supports these allegations by explaining that the conditions were so unsanitary that they caused him to break out into a rash. *Id.* at 10. Although inmates are not entitled to the "amenities, conveniences, and services of a good hotel," *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), prison officials must nevertheless provide basic life necessities, such as "reasonably adequate ventilation, sanitation, bedding, [and] hygienic materials," *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (citation omitted); *see also Townsend*, 522 F.3d at 774 ("[A] lack of sanitary conditions, including clean bedding, may qualify as a denial of the minimal civilized measure of life's necessities." (internal quotation marks omitted)); *Mejia v. McCann*, No. 08 C 4534, 2010 WL 5149273, at *6 (N.D. Ill. Dec. 10, 2010) (denying summary judgment to defendants on Stateville inmate's claim that he was denied cleaning supplies even though he complained about filthy living conditions). Thus, drawing all reasonable inferences in Johnson's favor, his allegations suffice to show that the conditions he complains of were objectively serious.

In addition, the complaint sufficiently alleges that Thomas showed subjective deliberate indifference to the conditions of Johnson's confinement. Johnson specifically asserts that Thomas personally denied him bed sheets and a hygiene kit. Am. Compl. at 6–7. He also alleges that Thomas denied him cleaning supplies repeatedly, even though Johnson explained to him that he needed cleaning supplies because his cell was in squalid condition. *Id.* at 7. By alleging that Thomas knew he needed sheets, a hygiene kit, and cleaning supplies, and yet denied

5

him access to these necessities, Johnson adequately alleges Thomas's subjective deliberate indifference. *See, e.g.*, *Townsend*, 522 F.3d at 773; *Knox v. Dart*, No. 11 C 2117, 2012 WL 32981, at *3 (N.D. Ill. Jan. 6, 2012) (holding that inmate sufficiently pleaded claim based in part on unsanitary prison conditions where he alleged that defendants were made aware of the conditions but failed to remedy them); *Sanchez v. McCann*, No. 09 C 2289, 2010 WL 1408917, at *1, *3 (N.D. Ill. Apr. 2, 2010) (holding that inmate sufficiently pleaded claim based on "improper trash disposal, unsanitary toilet facilities, and lack of cleaning supplies" where he filed grievances about these conditions but defendants did not respond to his grievances). For these reasons, the Court concludes that Johnson has sufficiently alleged both the objective and subjective prongs of his conditions of confinement claim against Thomas.

## II.     Allegations of Injury or Damages

Thomas also argues that Johnson's claims against him should be dismissed because Johnson has not alleged that he was injured or harmed by the lack of bedding, hygienic supplies, or cleaning supplies. This argument fails for two reasons.

As an initial matter, Thomas cites no authority for the proposition that an inmate bringing a conditions of confinement claim must allege a specific injury or harm separate and apart from his allegations that he was deprived of a basic necessity sufficient to establish the objective component of his claim.[3] For the reasons explained above, Johnson's allegations suffice to support both the objective and subjective components of his claim; at this stage, that is all he needs.

---

[3]     In support of this proposition, Thomas cites only *McGee v. Monahan*, 2008 WL 3849917, at *10 (N.D. Ill. 2008). In *McGee*, the court granted summary judgment on an inmate's claim for deliberate indifference to medical needs, on the ground that the inmate had not created a genuine dispute of fact as to whether the allegedly inadequate medical treatment had actually exacerbated his diabetes or otherwise harmed him. *Id.* Because *McGee* involved a claim for deliberate indifference to medical needs at the summary judgment stage, rather than a claim for unconstitutional conditions of confinement at the motion to dismiss stage, it is distinguishable from the present case, and Thomas's reliance on it is unpersuasive. In addition, as noted below, Johnson has adequately alleged that he has suffered a specific injury or harm.

Moreover, even assuming *arguendo* that Johnson was required to separately plead a specific injury or harm, his complaint would still be sufficient. The amended complaint notes that Johnson developed a rash as a result of the unsanitary conditions to which he was subjected. Am. Compl. at 10. In addition, construing Johnson's *pro se* complaint liberally, as it is required to do, the Court can reasonably infer that Johnson's allegations regarding a denial of bedding during his time at Stateville NRC either caused him additional suffering that served no penological purpose or inflicted psychological harm. *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (holding in Eighth Amendment case brought by prison inmate that "physical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited"); *see also Pontillo v. Doria*, No. 94 C 6975, 1995 WL 470230, at *4 (N.D. Ill. Aug. 4, 1995) (holding that imposition of conditions of confinement serving no penological purpose could rise to the level of a constitutional violation). For these reasons, Johnson's allegations are sufficient to sustain his conditions of confinement claim against Thomas.

## Conclusion

For the reasons stated herein, Defendant Thomas's motion to dismiss [29] is denied. All Defendants shall answer the amended complaint. Status remains set for August 29, 2017.

**IT IS SO ORDERED.**  ENTERED  8/28/17

_____
**John Z. Lee**
**United States District Judge**